```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| BOES IRON WORKS | CIVIL ACTION |
| VERSUS | NO. 13-4757 |
| DWG & ASSOCIATES, INC., ET AL | SECTION "B"(4) |

## ORDER AND REASONS

**I.   NATURE OF MOTION AND RELIEF SOUGHT**

Before the Court is Defendants', Great American Insurance Company ("GAIC") and DWG & Associates, Inc. ("DWG"), "Motion to Amend or Alter Judgment" pursuant to Fed. R. Civ. P. 59(e), wherein they argue manifest errors of law compel in favor of amending the Court's prior judgment to reduce the amount of damages awarded to Plaintiff Boes Iron Works as well as to vacate the Court's award of attorney's fees to Plaintiff. (Rec. Doc. 83). Also before the Court are Plaintiff's Response to the Motion (Rec. Doc. 87) and Defendants' Reply (Rec. Doc. 92).

For the reasons that follow, **IT IS ORDERED THAT** Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART.**

**II. FACTS AND PROCEDURAL HISTORY**

The Court and the parties are intimately acquainted with the facts of the dispute underlying the instant action, which shall not be set forth here in detail. (*See* Rec. Docs. 63, 73-76 for discussion of underlying facts). This matter was tried before the bench on September 29, 2014. (*See* Rec. Doc. 68).

Closing arguments were held on October 22, 2014, after which the Court assigned oral reasons for judgment in favor of Plaintiff and against Defendants. (*See* Rec. Doc. 70). Following extensive post-trial briefing, on October 27, 2014, the Court entered judgment awarding Plaintiff $409,000 in contractual damages and 10% attorney's fees ($40,900), the latter pursuant to the provisions of La. Rev. Stat. ann. § 9:3902. (Rec. Doc. 78).

**III. CONTENTIONS OF MOVANT**

Defendants move the Court pursuant to Fed. R. Civ. P. 59(e) to amend or alter its prior judgment to reduce the damages awarded to Plaintiff and also to eliminate the Court's award of attorney's fees. (Rec. Doc. 83). In support of their position, Defendants claim the Court's judgment is tainted by clear errors of law and fact.

As to the quantum of damages, Defendants effectively re-iterate arguments advanced at trial and in pre-trial briefings to the effect that Defendants were only liable to Plaintiff for materials "actually delivered" to the subject project and that the evidence at trial fails to support the Court's award in the amount of $409,000. (Rec. Doc. 83 at 5-7).

With respect to attorney's fees, Defendants argue La. Rev. Stat. ann. § 9:3902 is strictly construed and that the provision requires written amicable demand and full recovery in the amount of that demand in order for the claimant to receive the benefit

of the 10% statutory attorney's fee award. (Rec. Doc. 83 at 7-9). Defendants argue the evidence does not reveal amicable demand in the amount ultimately recovered and that therefore Plaintiff is not entitled to attorney's fees under § 9:3902. *Id.* Further, Defendants argue notice of demand in the specific amount of $409,000 was not received until May of 2014, in the form of discovery responses, which do not satisfy the amicable demand requirement of § 9:3902.

**IV. CONTENTIONS OF OPPONENTS**

Plaintiff counters that the record and trial transcript demonstrate ample evidence supports the Court's conclusion as to the amount of materials Plaintiff delivered to the project and the compensation due therefor. (Rec. Doc. 87 at 4). Plaintiff argues the Court reviewed all the documentary and testimonial evidence and weighed the credibility of testifying witnesses to conclude that the parties had re-negotiated the Purchase Order and/or invoice amount to a total sum of $609,000 which, after initial payment by Defendants in the amount of $200,000, left a balance of $409,000 owed to Plaintiff. (Rec. Doc. 87 at 8).

As to attorney's fees, Plaintiff argues the record reflects that the four requirements of La. Rev. Stat. ann. § 9:3902 were satisfied. These are: (1) that Plaintiff employed an attorney, (2) made written demand upon the principal and surety, (3) more

than 30 days elapsed without payment following the demand, and (4) the full amount of the demand was recovered. (Rec. Doc. 87 at 9-10). According to Plaintiff, the evidence demonstrates that demand was made as early as March 2, 2012. (Rec. Doc. 87 at 10)(citing Trial Transcript - Rec. Doc. 87-1 at 21-22; Trial Exhibit 55-C). Plaintiff also argues the amount claimed was in the amount of $409,000 and that, in any event, Defendants were on notice of this claimed amount no later than May 23, 2014 when this amount was reflected in discovery responses. (Rec. Doc. 87 at 10).

**V. RULE 59(e) STANDARD**

Fed. R. Civ. P. 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Although the rule does not specify grounds for altering or amending a judgment, courts recognize that it "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). Such a motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Id.*; 11

4

Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2810.1, at 124 (2d ed. 1995). "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *Ferraro v. Libert Mut. Ins. Co.*, 2014 WL 5324987 at *1 (E.D. La. Oct. 17, 2014).

**VI. DISCUSSION**

    **A. Quantum of Damages**

As to Defendants' arguments with respect to the quantum of damages proven, these were advanced at trial and were the subject of Defendants' post-trial memoranda. As the trial transcript clearly reflects, the Court considered and rejected these arguments, relying on the documentary and testimonial evidence and weighing the credibility of same. Defendants' simple disagreements with the Court's legal conclusions in this respect are not the proper subject of a Rule 59(e) motion; they amount to simple rehashing of legal theories and arguments previously considered and rejected. *See*, *Templet*, *supra*. Accordingly, **IT IS ORDERED THAT** Defendants' Motion is **DENIED IN PART** as to the issue of the quantum of damages awarded to Plaintiff.

    **B. Attorney's Fees**

La. Rev. Stat. ann. § 9:3902 provides:

> If the surety on a bond fails to pay his obligation and it becomes necessary for the creditor to sue thereon, the latter shall be entitled to ten per cent attorney's fees on the amount recovered, provided he has employed an attorney for the purpose, has made written amicable demand on the principal and surety and thirty days have elapsed from their receipt thereof without payment being made, and the full amount claimed in the demand is recovered.
>
> This Section shall not affect the right to recover interest and costs as otherwise provided by law.

Thus, as noted above, there are effectively four requirements for the claimant to establish entitlement to attorney's fees under the statute. Material for present purposes, are the requirements of: (1) "written amicable demand" and (2) that the "full amount claimed in the demand [be] recovered." *Id.*

As to this issue, Defendants claim the only evidence of written demand in the amount recovered ($409,000) exists in the form of a discovery response tendered on May 23, 2014. (Rec. Doc. 83-1 at 9). Because this information was furnished following initiation of the instant suit, Defendants argue it is *a fortiori* not "amicable" demand for purposes of § 9:3902. As such, Defendants contend Plaintiff did not recover the full amount claimed in any such demand and is therefore not entitled to the 10% attorney's fees contemplated by the statute.

6

Defendants are correct that discovery responses post-initiation of suit cannot, themselves, satisfy the "amicable demand" requirement of § 9:3902, the purpose of which is to promote expedient resolution of disputes and to penalize unnecessary litigation. *See, e.g., Hershell Corp. v. Fireman's Fund Ins. Co.*, 98-1352, 743 So.2d 698 (La. App. 3 Cir. 6/2/99); *Central Lumber Co. v. American Employers Ins. Co.*, 15 So.2d 229, 232 (La. App. 1 Cir. 1943)("it has become necessary for him to file the suit as notice of his demand as a claimant has been ignored.").

The instant suit was removed to this Court on June 10, 2013. (Rec. Doc. 1). Evidence in the record reflects that, as early as, November 13, 2012, Defendant GAIC was in receipt of correspondence referring to an alleged settlement or renegotiation of the amount outstanding under the payment order/invoice. (See Trial Exhibit 46). This correspondence included a payment schedule allegedly agreed to between the parties. *Id.* Despite the fact that the correspondence indicates that the total amount payable under the agreement was $659,000, and that payment of $200,000 had been made toward that amount, the correspondence includes demand for "the current outstanding amount owed for Boes' work [of] $512,408.00." *Id.* Plaintiff fails to explain the reason for demand in this amount and review of the record and trial evidence reveal no written demand

7

reflecting the actual amount recovered of $409,000, aside from the discovery responses referred to, *supra*. Plaintiff further fails to cite any record or trial evidence reflecting written demand in the amount of $409,000 or less.

In light of the foregoing, Defendants are correct that Plaintiff has failed to prove written amicable demand in the full amount recovered at trial. Accordingly, **IT IS ORDERED THAT** Defendants' Rule 59(e) Motion is **GRANTED IN PART**, to amend the Court's prior order and judgment (Rec. Docs. 70, 78) vacating the award of statutory attorney's fees to Plaintiff.

New Orleans, Louisiana, this 15th day of January, 2015.

_[signature]_
UNITED STATES DISTRICT JUDGE